UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

In re:                                                                     Bankruptcy No. 09-26269-HRT
                                                                           Chapter 13

EDWIN RANDOLPH BOWEN, XXX-XX-1890
LEANNE BETH BOWEN, XXX-XX-1776
Debtors,

U.S. BANK, N.A., SUCCESSOR IN INTEREST TO THE FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR DOWNEY SAVINGS AND LOAN ASSOCIATION, F.A.,
Movant,

EDWIN RANDOLPH BOWEN, XXX-XX-1890
LEANNE BETH BOWEN, XXX-XX-1776, and
Sally J. Zeman,
The Chapter 13 Trustee,
Respondents,

## STIPULATION FOR RESOLUTION OF MOTION FOR RELIEF FROM AUTOMATIC STAY AND MOTION FOR ACCEPTANCE OF STIPULATED TERMS

      U.S. BANK, N.A., SUCCESSOR IN INTEREST TO THE FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR DOWNEY SAVINGS AND LOAN ASSOCIATION, F.A., its predecessors, successors and assigns, ("Creditor"), through its attorneys, CASTLE STAWIARSKI, LLC; the Debtors, through counsel; and the Chapter 13 Trustee, stipulate and agree as follows:

      1.     The Debtors are indebted to the Creditor pursuant to a Note and Deed of Trust for which the Creditor claims a valid lien or security interest in the following-described property (hereinafter "Property"):

      LOT 8, BLOCK 3, CENTENNIAL ESTATES

Also known and numbered as: 3761 W Saratoga Ave, Denver, CO 80123

      2.     The Debtors shall make timely monthly mortgage payments outside of the Plan to the Creditor. Such timely payments shall be due on the first day of each month beginning with the payment due for the month of March.

      3.     If any pre-petition arrearages are being paid through the Chapter 13 Plan, the debtor shall make timely payments to the Chapter 13 Trustee as set forth in the existing Chapter 13 Plan.

4. The Debtors presently owe $6,456.17 for the 5 monthly payments through February 2011, late charges, and attorney fees. The Debtors shall pay an additional $1,076.03 per month along with the regular monthly payment on the fifteenth day of each month until the balance of the arrearages is paid in full. Said payments shall begin with the March 1, 2011 regular monthly payment.

5. There shall be a default under this stipulation if any of the following occurs. 1) If debtor fails to make any of the payments that are specifically set forth in this stipulation. 2) If debtor fails to make any regular monthly payments to Creditor that shall come due pursuant to the Deed of Trust. 3) If debtor fails to make any monthly payments due to the Chapter 13 Trustee as set forth in the current existing plan (if any pre-petition arrearages are being paid through the plan). In the event a default occurs, Creditor shall proceed in the following manner. 1) Creditor will deliver written notice of the default to the Debtor(s) and Debtors counsel. **Creditor shall charge an additional $50.00 for every Default Letter sent.** Said notice shall be deemed delivered upon placing same in the United States Mail, postage pre-paid and addressed to the Debtors and to the Debtors' counsel. Said Notice shall set forth the amount of funds that the debtors are in default. 2) Should the default not be cured within ten (10) days of the date of such notice, then Creditor will file its Verified Motion to Enforce Terms of the Stipulation and for Relief from Stay, indicating that the Debtors have failed to comply with the terms of this Stipulation and Order and requesting that Creditor be granted relief from the automatic stay pursuant to this stipulation. Creditor will mail a copy of the said Verified Motion to Debtor and Debtors counsel, although debtors agree that said Verified Motion to Enforce Terms of the Stipulation and for Relief from Stay shall be granted ex parte without a hearing.

6. Creditor will not be required to send a letter to the Debtor and Debtor's counsel more than two (2) times during the pendency of this bankruptcy. If more than two (2) defaults occur hereunder, Creditor need not notify the Debtor or Debtor's counsel of the default. Instead the Creditor shall receive immediate relief from the automatic stay ex parte without a hearing by filing a verified motion with this Court setting forth the Debtors failure to comply with the terms of the stipulation.

7. **In the event that additional amounts are not included in this stipulation due to NSF checks or Creditor's counsel's error, Creditor or Creditor's counsel will send Debtor a letter advising that additional amounts are due. Debtor agrees to pay these amounts, or to make repayment arrangements satisfactory to the Creditor, within 30 days of mailing of the letter. Failure to do so will be a default under this stipulation and the Creditor's counsel may send a notice of default as outlined in paragraph 6 above.**

8. This is the final workout agreement. The Debtors are required to make the payments exactly as outlined in this Stipulation. In the event that the Debtors are unable to make the payments according to the current arrangements, no extensions will be granted.

9. In the event that the above captioned bankruptcy case is dismissed or a discharge enters, this stipulation will no longer be valid and enforceable from the date of such order.

10. Based upon the agreements made in this Stipulation, the issues addressed in the Motion for Relief are resolved.

11. The Debtors hereby agree that if relief from the stay is granted pursuant to this stipulation, the fourteen (14) day stay period should be waived pursuant to Fed. R. Bankr. P. 4001(a)(3).

WHEREFORE, the Creditor, the Debtors, and the Chapter 13 Trustee respectfully request that this Honorable Court approve the foregoing Stipulation.

DATED: February 11, 2011

                          CASTLE STAWIARSKI, LLC

                          Deanna L. Westfall, #23449
                          Britney Beall-Eder, #34935
                          Peter C. DeCamillis, #38929
                          Kimberly Martinez, #40351
                          Attorneys for Movant
                          999 18th Street, Suite 2201
                          Denver, CO 80202
                          303-865-1440
                          (303) 865-1410 (facsimile)
                          *BankruptcyDept@cmsatty.com*

_____
Mark L. Miller, Esq.
Attorney for Debtors
2730 S. Fraser St.
Ste. 5
Aurora, CO 80014-4536
(303) 745-3357
(fax)

_____ #39723
Sally J. Zeman, #15319
Aimee Grimsley #39723
William R. Lambert, #18882
Office of The Chapter 13 Trustee
P.O. Box 1169
Denver, CO 80201
(303) 830-1971
(303) 830-1973 (fax)

File No. 09-23826
Bankruptcy No. 09-26269-HRT

- 4 -